UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DINCER SALAR | * | CIVIL ACTION NO. 23-1997 |
| | * | |
| VERSUS | * | SECTION: "A"(4) |
| | * | |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES | * | JUDGE JAY C. ZAINEY |
| | * | |
| | * | MAGISTRATE JUDGE KAREN WELLS ROBY |
| | * | |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 5)** filed by Defendant, U.S. Citizenship and Immigration Services. Plaintiff, Dincer Salar, opposes the motion. The motion, submitted for consideration on November 22, 2023, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **GRANTED**.

### I. Background

Dincer Salar was lawfully admitted into the United States following an inspection by U.S. Customs and Border Protection. (Complaint ¶ 8). On March 8, 2022, Salar filed a Form I-589 with U.S. Citizenship and Immigration Services ("USCIS"), requesting asylum on the basis that he is the target of persecution in his home country. (*Id.* ¶¶ 8, 17). On May 21, 2022, Salar attended a scheduled appointment with USCIS, where his biometrics were captured and sent to the Federal Bureau of Investigation for a background check. (*Id.* ¶ 10). All FBI checks have allegedly been completed, prompting Salar to petition USCIS for information regarding his application. (*Id.*).

Salar claims that USCIS has refused to adjudicate his Form I-589 for the past twenty months in bad faith and in derogation of its duty to make a determination sooner. (*Id.* ¶¶ 9, 11). He asserts that he has provided all required evidence and that this delay has caused him prejudice. (*Id.* ¶¶ 14-17). Salar requests declaratory, injunctive, and mandamus relief under the Administrative

1

Procedure Act, the Mandamus Act, and the Immigration and Nationality Act. USCIS has moved to dismiss the complaint under Federal Rule 12(b)(1) for lack of subject-matter jurisdiction and, in the alternative, under Federal Rule 12(b)(6) for failure to state a claim. Salar opposes the motion.

## II.     Legal Standard

A motion filed pursuant to Rule 12(b)(1) raises the defense of lack of subject-matter jurisdiction. Fed. R. Civ. Pro. 12(b)(1); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject-matter jurisdiction may be founded on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Id.* (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Ultimately, such a motion to dismiss should be granted only if it appears that the plaintiff cannot prove any set of facts in support of his claim that would entitle the plaintiff to relief. *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

For this Court to entertain this action, there must be a valid claim under a federal statute that provides an independent right of action. The Administrative Procedure Act does not, by itself, grant subject-matter jurisdiction to review agency action or inaction. *Califano v. Sanders*, 430 U.S. 99, 105 (1977). The same is true of writs of mandamus, which may "issue only in aid of jurisdiction acquired to grant some other form of relief." *Stern v. South Chester Tube Co.*, 390 U.S. 606, 608 (1968). Therefore, for this Court to have subject-matter jurisdiction over either the APA or the Mandamus Act claim, there must be an independent basis by which Salar may challenge agency inaction to secure relief.

### III. Analysis

*Administrative Procedure Act*

The APA allows individuals who suffer injury by agency action to seek judicial review through a statute creating an enforceable right. 5 U.S.C. § 702. Such "agency action" includes the failure to act. 5 U.S.C. § 551(13). Courts are entitled to compel agency action under the APA where such action is unreasonably withheld or delayed. 5 U.S.C. § 706(1). However, the APA specifically excludes agency action "committed to agency discretion by law" from this entitlement. 5 U.S.C. § 701(a)(2). Therefore, the driving question is whether the statute alleged to have been violated by USCIS contains a nondiscretionary duty or instead provides the agency actor with discretion. Other courts have required, for a showing of unreasonable delay under the APA, proof that (1) an agency has a nondiscretionary duty to perform an action under the law; and (2) that the agency failed to perform the duty. *See Chuttani v. U.S. Citizenship & Immigration Services*, No. 3:19-cv-02955, 2020 WL 7225995, at *2 (N.D. Tex. Dec. 8, 2020). The Supreme Court has allowed unreasonable delay claims to proceed only where discrete agency actions, required by statute, are not taken. *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004).

In analyzing whether there has been an unreasonable delay, the first determination that must be made is whether USCIS must dispose of an asylum application within a certain amount of time. Here, Salar claims that 8 U.S.C. § 1571(b) compels the agency to adjudicate his I-589 within 180 days. (Complaint ¶ 12). In response, USCIS asserts that section 1571 covers immigration benefit applications, which it contends are treated separately from immigration protections. (Rec. Doc. 11, at 5). Instead, USCIS urges that the INA governs asylum applications, that it precludes individual suits under its provisions, and that, absent a clear, nondiscretionary duty regarding asylum applications from another source, this statutory bar precludes any suit under

3

the APA. (*Id.*). USCIS also claims that the language in section 1571(b) is aspirational rather than mandatory, and therefore is not a duty but rather a discretionary directive for how long adjudication may take.

As an initial matter, it must be determined whether applications for asylum qualify as immigration benefits under section 1571(b). The regulations surrounding the INA define a benefit request as "any application, petition, motion, appeal, or other request relating to an immigration or naturalization benefit." 8 C.F.R. § 1.2. No regulation or rule of law directly addresses whether asylum qualifies as an "immigration or naturalization benefit." However, the USCIS Policy Manual, in discussing fee collections of "benefit request fees," notes that the cost goes toward "efficiently adjudicating immigration benefit requests, including those provided without charge to refugee, *asylum*, and certain other applicants." 1 USCIS POLICY MANUAL B.1(B) (emphasis added). Further, receipt of asylum could be understood as a "benefit" in the immigration scheme, as it results in a variety of rights and protections. For these reasons, this Court will assume that asylum applications fall within the immigration benefit definition for the purposes of this motion.

Within the context of immigration benefit requests, 8 U.S.C. § 1571(b) covers application adjudication timelines. Section 1571(b) states that "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." The relevant regulation permits withholding adjudication if "an investigation has been undertaken involving a matter relating to eligibility or the exercise of discretion, where applicable, in connection with the benefit request." 8 C.F.R. § 103.2(b)(18). Further, where investigation is undertaken and not completed within a year of its inception, USCIS may determine that adjudication should be held in abeyance for six months; every six months thereafter, USCIS may implement another six-month abeyance should it deem it appropriate. *Id.*

Salar argues that this provision is a nondiscretionary mandate that USCIS adjudicate his application within 180 days. As made clear above, this Court lacks subject-matter jurisdiction to review agency inaction under the APA under a statute's enforcement provisions where they are discretionary. *See* 5 U.S.C. § 701(a)(2). "[E]ven where Congress has not affirmatively precluded review, review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler v. Chaney*, 470 U.S. 821, 830 (1985). Instead, that directive is considered to have "'committed' the decisionmaking to the agency's judgment absolutely." *Id.* The review is only permissible "where a plaintiff asserts that an agency failed to take a discrete action that it is required to take." *Norton*, 542 U.S. at 64-65. The provision that Salar relies on "merely expresses Congress's sense of the adjudicative process." *Bian v. Clinton*, 605 F.3d 249, 255 (5th Cir. 2010) (vacated on other grounds 2010). This statutory provision fails to be a "discrete" action that is "required" by law. *See Norton*, 542 U.S. at 64-65. Additionally, not only does the adjudicating body have the discretion to elect whether a six-month abeyance is appropriate, but the governing regulation allows for the agency to withhold adjudication in "the exercise of discretion." 8 C.F.R. § 103.2(b)(18). Therefore, even if asylum applications may be considered immigration benefits, this falls short of a clear, nondiscretionary directive and therefore may not be enforced under the APA.

Additionally, the INA does not provide a route to APA relief. The INA governs asylum applications in 8 U.S.C. § 1158(d). Under subsection (d)(5)(A)(ii), the INA mandates that "in the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed." While this section enacts a mandate that USCIS must begin asylum application within 45 days of filing of the application, it also leaves up to USCIS's discretion whether exceptional circumstances require an

extension of that timeline. The same can be said regarding (d)(5)(A)(iii), which states that "in the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed." Again, while there exists a mandate, discretion is debatably vested in USCIS as to whether it must meet the deadline.[1] Even if the "exceptional circumstances" exception does not make this provision discretionary, the challenge cannot survive because the APA does not apply to the extent that other "statutes preclude judicial review." 5 U.S.C. § 701(a)(2). The INA's asylum section qualifies, providing that "nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1158(d)(7).

For the reasons discussed above, the APA does not provide Salar with a means of recovery in this instance. Therefore, this cause of action must be dismissed.

*The Mandamus Act*

Salar next contends that USCIS's failure to adjudicate his I-589 constitutes an unreasonable failure to act in violation of the Mandamus Act. The Mandamus Act provides original jurisdiction "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Writs of mandamus are "extraordinary remed[ies]," *Adams v. Georgia Gulf Corp.*, 237 F.3d 538, 542 (5th Cir. 2001), to be granted only "in the exercise of a sound judicial discretion." *Duncan Townsite Co. v. Lane*, 245 U.S. 308, 311 (1917). For mandamus jurisdiction to exist, "[a] plaintiff must show a clear right to the relief sought, a clear duty by the defendant to do the particular act, and

---

[1] The Court notes that the government has provided extensive background regarding the current status of asylum applications and the various ways in which USCIS has sought to efficiently and effectively handle them. The Court believes these issues are better suited to be decided by the agency due to a lack of judicially manageable standards. *See Heckler*, 470 U.S. at 830.

that no other adequate remedy is available." *Green v. Heckler*, 742 F.2d 237, 241 (5th Cir. 1984). Further, the claim must be "clear and certain and the duty of the officer ministerial and so plainly prescribed as to be free from doubt." *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992).

As an initial matter, it is questionable whether Salar has "a clear right to the relief sought." *Green*, 742 F.2d at 1104. As described above, the statute through which Salar seeks relief—the INA—contains a provision stating that "nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1158(d)(7). Any mandate set forth by the INA that asylum adjudication shall take place in any amount of time thus is not enforceable by a private litigant. Therefore, Salar must rely on 8 U.S.C. § 1571(b)'s statement that Congress intended for asylum applications to be adjudicated within a specific time. As described at length above, this provision does not impose a duty upon the defendant. It is far from being "ministerial" under *Giddings*; rather, it imparts discretion upon the officials making the determination. For these reasons, this Court lacks subject-matter jurisdiction over the Mandamus Act claim, and it therefore must be dismissed.

*Immigration and Naturalization Act*

Salar's final cause of action alleges an "Immigration and Nationality Act Violation." (Complaint at XII). Although Salar's complaint asserts the INA violation as though it is a mandamus cause of action, listing the requirements for Mandamus Act claims as set forth in *Green*, the INA claim fails for a more basic reason. As stated several times, the INA's asylum section specifically states that it does not give rise to a private cause of action. 8 U.S.C. § 1158(d)(7). Therefore, there is no jurisdiction over this cause of action, and it must be dismissed.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 5)** filed by Defendant, United States Citizenship & Immigration Service, is **GRANTED** as explained above.

December 15, 2023

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE